Loose v. The People.

## ELIZABETH M. LOOSE ET AL.

### v.

### THE PEOPLE EX REL.

1. MINES—SUIT TO COMPEL ERECTION OF ESCAPEMENT SHAFTS.—The provisions of the Mining Act relating to the construction of escapement shafts and authorizing the inspector of mines to bring an action in the name of the People to compel the construction of escapements, are intended for the protection of the persons employed in such mines, and were not enacted for the benefit of the owners of mines.

2. ADJOINING MINES—SINGLE ESCAPEMENT.—The right of the owner of one mine to connect his mine with that of another, where an escapement shaft has been constructed and to compel the other to maintain a roadway, and the use of the escapement for his benefit, is a question solely between the owners of such mines, and can not be litigated or adjusted in an action brought by the inspector of mines, under the statute, to compel the construction of an escapement shaft.

ERROR to the Circuit Court of Sangamon county; the Hon. C. S. Zane, Judge, presiding. Opinion filed October 24, 1882.

Messrs. PALMERS, ROBINSON & SHUTT, for plaintiffs in error; cited Rev. Stat. Chap. 93, § 3.

Messrs. Stuart, Edwards & Brown, for defendants in error; as to the power of the State to enact laws governing mines, as a part of the police power of the State, cited Dunn v. The People, 94 Ill. 141; Daniels v. Hilgard, 77 Ill. 640; Lake View v. Rose Hill Cemetery Co. 70 Ill. 194.

Mr. James A. Kennedy, for mine inspector, defendant in error.

Higbee, J.   Near Springfield are two coal mines, the one owned by plaintiffs in error, the other by defendant, Speed Butler. These mines are contiguous, and the working force of the Butler mine has been driven up to or into the workings of the mine of plaintiffs in error, so as to make an opening or passway from one mine to the other.   Butler, although his mine had been in operation for the period of time and he employed the number of men making an escapement shaft necessary, had constructed none, nor had he provided any means for the ingress or egress of his employes, except through the opening or passway between his and plaintiffs' mine.   Butler claimed the right to use the shaft of plaintiffs in error as an escapement shaft for his mine; but this claim was resisted by plaintiffs in error who refused to permit Butler to use their shaft for that purpose, or to maintain a roadway from Butler's opening to their shaft, so as to afford the persons employed by Butler ingress and egress from his mine to their shaft.

The owners of the Loose mine had, at a very heavy expense, provided an escapement to their mine as required by law, and claimed the right to shut up the passway leading to the Butler mine.   Butler did not claim that he had driven his opening into that of the Loose mine by any agreement or arrangement with them, but that, by force of the statute, he had the right to its use, and was thereby exempt from any duty or obligation to build an escapement, and that the owners thereof were bound by law to keep the same open and maintain a roadway through at their own expense for his use.

Under these circumstances, the inspector of mines of Sangamon county, after an examination of both mines, was of opinion that the Butler mine was operated contrary to law and thereupon

filed this bill, making plaintiffs in error and said Butler defendants thereto, alleging the facts aforesaid and asking the court to determine the rights of the parties, and that Butler be enjoined from further working his mine until the same should be made safe as required . by law.

Plaintiffs in error answered, admitting most of the material allegations of the bill, but denied all right to any relief against them.

Butler did not answer, but filed an affidavit alleging that though he had constructed no escapement shaft, the working force of his mine had driven up to and into the works of the Loose mine, and that he had thereby effected a communication with a contiguous mine and discharged his duty under the law.

The court after finding the facts as above stated, decreed that the plaintiffs in error and said Butler, their respective servants, agents and workmen, be prohibited from closing up or obstructing the opening and communication between the said contiguous mines and the roadway leading thereto, and that they be directed and required to keep the same open and accessible so as to form a communication between the said mines as contemplated and intended by section three of chapter ninety-three, entitled "Miners," and that a mandatory writ issue to enforce the same.

This proceeding is in the name of the People by the mine inspector, in the discharge of the duties imposed upon him by the statute.   He has no personal interest in the subject-matter of the suit and his only authority for instituting it must be found in the statute.   The owners of the adjacent mines are made defendants; neither of them has asked for any relief as against the other.

The act of May 28, 1879, entitled "Miners" was passed in obedience to Sec. 29 of Article IV of the Constitution.   The 3d Section of that act provides "In all coal mines,    *    *    *    * which are worked by or through a shaft, slope or drift, and in which more than ten miners are employed in each twenty-four hours, if there is not already an escapement shaft to each and every said coal mine, or communication between each and every coal mine, and some other contiguous mine,

then there shall be an escapement shaft or other communication such as shall be approved by the mine inspector, making at least two distinct means of ingress and egress for all persons employed or permitted to work in such coal mine, * * * and in all cases when the working force of one mine has been driven up to, or into the workings of another mine, the respective owners of such mine, while operating the same, shall keep open a roadway at least two and one half feet high and four feet wide, thereby forming a communication as contemplated in this act; and for a failure to do so, shall be subject to the penalty provided for in section ten of this act, for each and every day such roadway is unnecessarily closed. And it shall not be lawful * * * to employ any person to work therein, or to permit any person to go therein for the purpose of working, except such persons as may be necessary to construct such escapement shaft, unless the requirements of this section shall have first been complied with."

The thirteenth section of said act provides as follows:

" If the said inspector shall, after examination of any coal mine and the works and machinery pertaining thereto, find the same to be worked contrary to the provisions of this act, or unsafe for the workmen therein employed, said inspector shall, through the State's attorney of his county, or any attorney in case of his refusing to act, acting in the name and on behalf of the State, proceed against the owner, agent or operator of such coal mine, by injunction without bond, after giving at least two days' notice to such owner, agent or operator; and such owner, agent or operator shall have the right to appear before the judge or master to whom the application is made, who shall hear the same on affidavits and such other testimony as may be offered in support, as well as in opposition thereto, and if sufficient cause shall appear, the court or judge in vacation, by order, shall prohibit the further working of any such coal mine in which persons may be unsafely employed, contrary to the provisions of this act, until the same shall have been made safe and the requirements of this act shall have been complied with; and the court shall award such costs in the matter of said injunction as may be just; but any such

Loose v. The People.

proceedings so commenced shall be without prejudice to any other remedy permitted by law for enforcing the provisions of this act."

It is manifest from these provisions that this law was not enacted for the benefit of the owners of mines, but to protect the health and insure the safety of the persons employed in the mines.

Whether Butler has a right to the use of the shaft in the mine of the plaintiffs in error as an escapement to his own mine, and can lawfully require them to construct and keep open a roadway leading thereto, are questions of private rights in which the public can not rightfully interfere. It is not claimed that the mine of plaintiffs in error was unsafe to the persons employed therein, or that the same was operated contrary to law; while Butler's mine was operated without an escapement shaft, contrary to law, and was dangerous to the persons engaged in working the same. Under such circumstances the statute expressly provides that the court shall make an order which "shall prohibit the further working of any such coal mine, in which persons may be unsafely employed, contrary to the provisions of this act, until the same shall have been made safe, and the provisions of this act shall have been complied with." Instead of this decree, which would have fully protected the persons employed in the mine and accomplished the purpose of the statute, the court undertook by its decree to settle conflicting rights of the parties to the bill.

In this we think the court exceeded the authority conferred by the statute.

The question of the relative rights and duties of the parties as adjacent mine owners under the statute is not properly before the court, as no power is conferred upon the court in the proceeding by the inspector to enforce them by decree.

The decree of the court below is reversed and the cause remanded

Decree reversed.